We'll hear argument now in the case of the United States v. San Antonio. May it please the court. Ms. Greenwald. My name is Daniel Hillis. I'm with the Federal Public Defender's Office. I represent Mr. San Antonio on this appeal. He raises two issues. First is the improper imposition of the obstruction of justice enhancement for perjury. To make that enhancement, to impose it properly, there had to be false testimony, materiality, and willful intent. Those are the things that Dunnegan's Supreme Court case requires the district court to identify. During the suppression hearing, Mr. San Antonio testified he didn't receive a Miranda warning. But at the sentencing hearing, the judge said that this was a collateral issue, she guessed, because it did not go to the elements of the offense, and pointed out that he never denied having the money. And so it was in her view... The lie wasn't collateral to the suppression motion. The fact that it was collateral to guilt or innocence seems to me of no moment whatever. Well, the judge essentially serves as a jury insofar as she's making the finding of fact on this, Your Honor. So it is consequential that she said it's immaterial. Because if it's immaterial, then we're missing the second element of Dunnegan. It wasn't collateral to guilt. Is there any place where the judge said it was collateral to the issue under review on the motion to suppress? I thought it was fairly stated on appendix page 38 in the sentencing transcript, Your Honor, but you may have a different view of it than I do, but that's where the statement was made. She does say on page 60 of the sentencing transcript, appendix 58, the obstruction issue is a significant one. Yes. So it goes to what valence she was giving that issue, correct? That's true, but obstruction is always a significant issue. It doesn't do anything, though, to inform us about whether or not the judge made the necessary finding under Dunnegan for the three things that are required to impose the enhancement under 3C1.1. And this is the problem in the case. The problem is exacerbated, Your Honor, by the failure to make the necessary findings about intent. And if we're not satisfied about the statements the judge made on appendix page 38, I can't improve on those. But I can mention about intention and what the judge made by way of findings here. And she said that it just didn't seem to her that it was faulty memory. But that's not an adequate finding by her. She should have accounted for the fact that the statement was made two years after the event happened. The suppression hearing occurred two years later. The impact of memory decreases over time geometrically. That's this court's Crisp versus Eli Lilly decision. So there is strong reason for the judge to address the passage of time. She doesn't. There's also the fact that the low anxiety level stress that is present in these sort of encounters through an arrest, through questioning by the police, needs to be accounted for when we're discussing intent. This case is very much different than the Chuchilla case that the government cites, where we have five to seven false statements in front of a grand jury and somebody later claims diminished capacity about their ability to inform intent. And this court said, that's very doubtful, but ultimately resolved it under harmlessness. And said, when we're talking about a 100-month downward departure, we don't need to be concerned about this because it did not have an impact on the imposition of sentence. My client, on the other hand, there's a five-level swing. He gets the three-level reduction taken off the books. He doesn't get that. He gets two-level obstruction of justice enhancement. That dramatically impacts the 135 to 168-month guideline range in this case. So this case is not at all like the case that the government principally relies on in its brief. This case is instead a problem related to the Dunnegan decision by the Supreme Court, the lack of findings. I'm not sure I see the distinction. Appendix page 10, page 23 of this suppression hearing, there's a series of questions where he's answering no. Sure. Five or six questions. That's right. There absolutely is. Is that a material distinguishment from a situation where I can't recall that red light, green light two years ago versus a series of questions where he's giving declarative responses? Sure. I mean, we're not contesting the false statements, right? But this is not a case then that is like the Chichilla case that says, if the grand jury had believed this testimony, the government may not have been able to obtain an indictment, couldn't go forward on the prosecution. This is about the waiver, which is the government cited in the district court and we'll revisit now. But under Berkemer, in those cases, it doesn't matter if they Mirandized him or not. There's a traffic stop. He wasn't entitled to a Miranda warning. He wasn't in custody at the house. He's not entitled to a Miranda warning. This is not material. And the government very well proved that by citing the cases that it did and argued as it did at the suppression hearing. It wants to bend it back and say at the sentencing hearing, this must be material. But it's not. And they proved it through citing the cases and arguing as they did. This case was never going to stop. This case always had sufficient evidence to go forward to get prosecution and obtain a guilty verdict. And as the judge found at the sentencing hearing, it wasn't material. It did not go to the elements of the offense. So I will go then, if I may, to the second point. And that is about the corroboration for the loss, excuse me, for the amount for the drug proceeds. The judge found that it was $566,000. She relied principally on a police officer's report. That police officer never testified. It's not a matter of him not being credible. He may be credible. But his information is not reliable.  Things that are prepared even by official court reporters, as we cited in this case. The problem is, though, at a bottom line, that the judge did not make the necessary findings to say that the drug proceeds in this case were related to the offense of conviction. There may be additional $344,000 out there. But the judge never made the findings to connect it to the instant offense, the offense of conviction. That is required under 1B1.13A1B and under this court's Taylor decision. So without that finding, the judge shouldn't have included the $344,000. The amount is too high. And consequently, that's an additional error that warrants vacating the sentence imposed in this case and remanding. Unless the court has additional questions, I reserve the balance of my time. Thank you, Mr. Hillis. Ms. Greenwald. Starting with the issue of materiality, I would just like to direct the court's attention, as we cited in our brief, to the transcript at pages 16. Could you raise your voice some, Ms. Greenwald? You're, of course, fighting against the wonderful air ventilation system here. Of course. I just refer the court, as we do in our brief, to the transcript at pages 16 and 19 through 22, where in context, it's clear that what the court is talking about when the court's talking about the issue being collateral, the court was examining whether this was that exceptional case where, even though the court found obstruction of justice, it could still award points for acceptance of responsibility. And queried of counsel whether this is somehow exceptional because, while it was definitely a willful falsehood in the context of the suppression hearing, it wasn't a denial of guilt. It didn't go to his guilt. It went on an issue to the suppression hearing. That's what's being looked at when the judge's comment is put in context. But as Your Honor cited, Judge Brennan cited, and as the record shows, in the context of the suppression hearing, the issue, she found to be troubling and definitely material. And as we cite in our brief, the Galbraith case, the DeLeon case, but in particular the Stokes case, she was told that false testimony in suppression hearing that the officers did not provide in Miranda warnings is material. And in this case, it's not the issue of Miranda warnings at a traffic stop. It's the issue of the Miranda warnings when he's in the police station, in the sheriff's office, after the traffic stop. And it's the issue of consent when they search his house. So those are clearly material to whether that evidence would be suppressed or not. And on the second issue, the one of the $566,000, the court, again, the defendant did raise at sentencing the issue of whether it constituted relevant conduct. The court, in its comments, points out that it's a common plan, has the same, he's doing this with the same co-conspirator. And the evidence in our brief amply sets forth that the evidence was overwhelming that this counted as relevant conduct. So unless the court has any questions, the government would rest on its brief and its argument here today and ask that you affirm the sentence. Thank you, Ms. Greenwald. Anything further, Mr. Hillis? Yes, a district court's decision about whether this presents an exceptional case does not mean that it doesn't have to make the necessary findings per donegan whether the enhancement is appropriate in the first place. That didn't happen here. So while the district court is free to consider under the guidelines, or for that matter, 3553A, whether this poses an exceptional case, the district court cannot fail to make the necessary findings about materiality and intent. We believe that she made a finding about materiality that should be law of the case here. But nevertheless, there are inadequate findings, at the very least, as to intention and willful, excuse me, intentionality, willful intent. So absent that, the enhancement cannot properly be applied. So far, the government has just done a fine job trying to, in shorthand, fill in the gaps about the necessary information that could have been determined by the judge to say that this related to the offense for purposes of the drug proceeds, that we have some of the same individuals, same common plan. We don't know, though, because the district court didn't make those findings. So we have Mr. Ruiz, who's the money man in this case, the connection with Mr. San Antonio. But we don't know the purpose for the 344 is pure surmise. If they have statements, if they have testimony from somebody who's a cooperating witness in the case, if they have other evidence, that's fine. But we cannot say, because one person had money and gave it to you for this purpose on one occasion, that therefore, on another occasion, where we don't even have the money, that that money also is related to this conviction, this count, this conspiracy. It is not the case. They don't have sufficient evidence to do it. If they did, they would have presented it to the district court. The district court would have made the finding, presumably. Look in the record. It's not there. Absent the necessary information, the district court cannot make the jump to determine the $344,000 that is once spoken about and never recovered, because it was something that the two men had discussed, is necessarily part of this plan scheme, and is therefore relevant conduct for purposes of establishing the sentencing guidelines in this case. With that, I have nothing further unless the court has questions of me. We ask that you vacate and remand. Thank you. Thank you very much. The case is taken under advisement.